IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THE REGENTS OF THE UNIVERSITY
OF CALIFORNIA,

      Plaintiff,                      No. CIV S-12-366 KJM EFB

    vs.

SWISSPORT, USA, INC., et al.,          ORDER

      Defendants.

/

        This case was on calendar on April 27, 2012 for a hearing on defendant's motion to dismiss; the court ordered the matter submitted without argument. *See* Local Rule 230(g).

        A complaint was filed in Sacramento County Superior Court on December 14, 2011, alleging that Swissport USA, a payor signatory to the contract between Blue Cross and the University of California Medical Center (UCDMC), had breached that contract by paying less than the contracted-upon amount for the care of Patient Y12119694, who was an enrollee in the health plan. Defendant removed the case to this court on the basis of diversity of citizenship. 28 U.S.C. § 1332. ECF No. 1.

        Defendant has now moved to dismiss, arguing that the complaint was filed beyond the statute of limitations. It argues that the complaint shows plaintiff submitted its bill in September 2006, outside the four-year statute of limitations for a breach of contract action;

1

defendant argues the statute began to run on September 13, 2006, when plaintiff submitted its final bill. Plaintiff counters that the cause of action did not accrue with the submission of the bill, but rather with defendant's refusal to pay the contract amount, a date not included in the complaint.

"A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art*, 592 F.3d 954, 969 (9th Cir. 2010), *cert. denied*, 131 S.Ct. 3055 (2011) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)); *see also Hollander v. Brown*, 457 F.3d 688, 691 n.1 (7th Cir. 2006) ("a federal complaint does not fail to state a claim simply because it omits facts that would defeat a statute of limitations defense").

In a diversity case, this court applies the state's substantive law, including the statute of limitations. *Albano v. Shea Homes Ltd. Partnership*, 634 F.3d 524, 530 (9th Cir. 2011). California's statute of limitations for an action on a breach of contract is four years. CAL. CODE CIV. PROC. § 337; *Feimster v. Wright*, No. 5:10-CV-03330-EJD, 2012 WL 993619, at *2 (N.D. Cal. Mar. 23, 2012). A cause of action for breach of contract generally accrues at the time of the breach, not before. *Romano v. Rockwell Internat., Inc.*, 14 Cal.4th 479, 488 (1996); *General Sec. Services Corp. v. County of Fresno*, 815 F.Supp.2d 1123, 1134 (E.D. Cal. 2011). Defendant does not dispute that the statute does not begin to run until the actual breach.

Although the complaint pleads that plaintiff submitted the bill to defendant in September 2006, it does not identify when it received the allegedly insufficient payment or provide any other date suggesting when the alleged breach occurred. Defendant argues there is a "possibility that long before" plaintiff received the underpayment, it was aware of defendant's decision not to pay the invoice in full. Reply at 5. Defendant points to nothing in the complaint that supports its supposition. Although the only dates alleged in the complaint are outside the statute of limitations, the court cannot find that it is "apparent on the face of the complaint" that

1 the breach occurred more than four years before the action was filed. *Rhodes v. Placer County*,
2 No. 2:09-cv-00489 MCE KJN PS, 2011 WL 1302240, at *17 (E.D. Cal. Mar. 31, 2011), *adopted*
3 *by* 2011 WL 1302316 (E.D. Cal. May 4, 2011); *Stanford Hosp. and Clinics v. Guarantee Trust*
4 *Life Ins.*, No. 5:11-cv-01271 EJD, 2012 WL 694743, at *3 (N.D. Cal. Mar. 1, 2012) (although
5 complaint on breach of oral contract brought more than 2 years after services rendered,
6 complaint did not allege when demand for payment was made and it is possible complaint is
7 timely; motion to dismiss denied).

8       IT IS THEREFORE ORDERED that defendant's motion to dismiss (ECF No. 6)
9 is denied. Defendant shall file an answer within twenty-one days of the filed date of this order.
10 DATED: May 30, 2012.

                UNITED STATES DISTRICT JUDGE